KAREN P. HEWITT
United States Attorney
LAURA E. DUFFY, CBN 199232
PETER KO, CBN 191994
STEPHEN M. TOKARZ, CBN 208305
Assistant United States Attorneys
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Tel.: (619) 557-6340/6618/7848
Fax: (619) 557-3445
Email: peter.ko2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06CR2646-LAB |
| v. | DATE: March 20, 2007<br>TIME: 10:30 am |
| FRANCISCO JAVIER<br>    ARELLANO-FELIX (1),<br>MANUEL ARTURO<br>    VILLARREAL-HEREDIA (2),<br><br>Defendants | GOVERNMENT'S RESPONSE TO ARELLANO-FELIX'S MOTION FOR ADDITIONAL TIME TO PREPARE MITIGATION SUBMISSION AND TO CONTINUE THE TRIAL DATE |

    The United States of America, by its counsel, submits this memorandum of points and authorities addressing the court's authority to control scheduling under the Department of Justice Death Penalty Protocol.

    1.    At the March 5, 2007 hearing, the defendants indicated they wished to file further briefs addressing or revisiting the current schedule, including the trial date. The United States submits that issue to the court. At the same hearing, the defendants complained about the April 6, 2007 deadline set by the government to submit written mitigation presentations under the Department of Justice's so-called Death Penalty Protocol. The court requested points and authorities addressing whether it had the power to intervene in or dictate the prosecution's scheduling under that Protocol. This

memorandum addresses the latter issue only.

2. The indictment filed December 15, 2006 charged defendants Arellano and Villarreal with, among other offenses, operating a continuing criminal enterprise in violation of 21 USC 848(e). The charge further alleged that Arellano and Villarreal murdered a person while engaged in the Enterprise, rendering them eligible for the death penalty. That status immediately and formally[1/] placed the defendants on notice that, if they wished, they would have the opportunity to participate in the DOJ Death Penalty Protocol.

The Protocol is a Department policy that calls for multiple levels of review, both in the U.S. Attorney's Office and by various individuals at the Department of Justice, up to the Attorney General. See U.S. Attorney's Manual (USAM), sec. 9-10.000 et seq. It affords defendants multiple opportunities to persuade the U.S. Attorney, DOJ officials, and ultimately the Attorney General that the death penalty ought not be sought. The Protocol review is detailed and comprehensive, involves the consideration of lengthy memoranda, grants defendants at least two opportunities to make oral mitigation presentations to local prosecutors or DOJ officials, and typically takes about four months to complete. That is for the usual death-eligible case. Even by the standards of death penalty litigation, this case is unique: among other notable features, it involves upwards of 20 murders (several of which occurred in a foreign country); a historical investigation that dates back well over a decade; and roughly half a million intercepted radio communications, all in Spanish.

3. As the court is aware, the scheduling of this case has been a contentious issue throughout. At almost every hearing, the defendants have insisted that they cannot be ready for trial in 2007 and suggested various trial dates in 2008 or even beyond. While the government can and will be ready to try this case on whatever date the court sets, to foreclose later appellate claims, we

---

[1/] For at least three months before the indictment was returned, we notified counsel for both defendants that we were preparing to charge them with death-eligible offenses. Thus, as of the date of this response, combined, defendants have known formally or informally for at least seven months that they would (or likely would) face death-eligible charges and have the opportunity to participate in the Death Penalty Protocol. We acknowledge, however, that Villarreal received new counsel and also went several weeks without counsel after the indictment was returned.

generally have not opposed the defendants' requests. Nonetheless, the court repeatedly has stated that trial will start this year and, on February 5, 2007, scheduled trial to begin with jury selection on November 27, 2007.

The November 2007 trial date, combined with a review of case law, forced the prosecution to reconsider its representation that the local review under the Protocol could occur in June 2007. When the government intends to seek the death penalty, it is required by statute to file a notice–"a reasonable time before trial"–that states its intent and outlines the aggravating factors it will rely on in requesting the death penalty. 21 USC 848(h). Because the Protocol typically takes four months to complete,[2] if the review began in June and the Attorney General decided to seek death, the notice likely would have been filed four to six weeks before trial. Given the amorphous "reasonableness" standard, the complexity of the case, and standards articulated in cases such as United States v. Ferebe, 332 F.3d 722, 737 (4th Cir. 2003), the prosecution concluded that a notice filed at least three months before trial would more likely withstand judicial review. In addition, while the Protocol is undeniably significant to defendants, in the end, it is a DOJ policy, not a statutory or constitutional right. Complying with the statutory commands of section 848(h) therefore must take precedence over granting defendants additional time to participate in the Protocol. Accordingly, on February 12, 2007, the government notified the defendants by letter that written mitigation presentations must be submitted to the U.S. Attorney's office by April 6, 2007, and oral mitigation presentations to the U.S. Attorney would follow two weeks later. It bears emphasis that these dates are driven entirely by the government's need to insure it complies with its statutory and policy obligations by the court's

---

[2] At the March 5 hearing, the court questioned why the review takes four months and urged the United States to complete it in six weeks. The prosecution has alerted DOJ officials to expect this case and about the need for an expeditious review. But DOJ officials cannot reasonably be expected to promise a six week review before they have received any materials on the case and do not have a complete understanding–from memoranda that discuss the matter in detail–of the scale of the task that lies before them. We therefore must proceed on the assumption that this case–which, as noted, is unique even in the complex world of death penalty litigation and thus is an unlikely candidate for a quicker-than-normal review–will require at least the typical four months and schedule accordingly.

scheduled trial date.

4.   While the defendants complained about the April 6 deadline at the March 5 hearing,[3] at bottom, the court has no authority to intervene. The prosecutorial review dictated by the Death Penalty Protocol is neither a statutory nor constitutional right and instead is a creature entirely of DOJ policy, specifically USAM 9-10.000 et seq. As with all policies set forth in the USAM, it does not "create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal." USAM 1-1.000; see, e.g., United States v. Fernandez, 231 F.3d 1240, 1246 (9th Cir. 2000) ("several courts, including this circuit, have consistently held that these guidelines do not create any rights in criminal defendants").

Case law thus holds, in a variety of contexts including the Death Penalty Protocol, that federal courts have no authority to enforce or direct the Department of Justice to comply with its internal policies. See, e.g., United States v. Williams, 181 F. Supp.2d 267, 299 (S.D.N.Y. 2001) ("The vast majority of courts . . . have held that the Protocol does not create any such legally enforceable rights, and that, therefore, they lack the power to order the Government to abide by it"); United States v. Shakir, 113 F. Supp.2d 1182, 1190 (M.D. Tenn. 2000) (court "lacks jurisdiction over the internal decision-making process of an executive agency," because Protocol does not create enforceable rights). See also United States v. Lee, 274 F.3d 485, 492-93 (8th Cir. 2001) (reversing district court order of new penalty hearing for noncompliance with Protocol, because policy "is unenforceable by individuals"). Cf. Sullivan v. United States, 348 U.S. 170, 172-74 (1954) (not basis to dismiss charge that government failed to comply with "departmental directive" about presenting tax evidence to grand jury); United States v. Snell, 592 F.2d 1083, 1087-88 (9th Cir. 1979) (not basis to dismiss that government violated "internal housekeeping rule" such as Petite policy). If the court cannot

---

[3]   The United States previously proposed to at least Arellano's counsel that it would push back the April 6 deadline if the defendants waived future claims that notice was not given reasonably in advance of trial. Counsel refused, perhaps forecasting their intention to challenge the notice on that basis and underscoring the government's need to take steps to insure compliance with section 848(h).

order the prosecution to comply with its internal policies, it follows that it has no authority to direct how or when the prosecution executes those policies either.[4]

Indeed, judicial intervention in scheduling under the Protocol would violate the separation of powers. That doctrine protects the three branches of government in part from "encroachment": i.e., when the actions of one "threaten[] to 'undermine the authority and independence of one or another coordinate branch." United States v. Ray, 375 F.3d 980, 995 (9th Cir. 2004) (quoting Mistretta v. United States, 488 U.S. 361, 382 (1989). Ninth Circuit law has recognized in other situations that "for the district court to inquire into and supervise the inner workings of the United States Attorney's Office" "raise[s] serious separation of powers questions." United States v. Redondo-Lemos, 955 F.2d 1296, 1299 (9th Cir. 1992). More specifically, the court squarely has held that the doctrine prohibits judicial attempts to enforce or control DOJ policy. See United States v. Welch, 572 F.2d 1359, 1360 (9th Cir. 1978) (separation of powers doctrine means court has "no authority" to enforce Petite policy).

//

//

---

[4] We found no published authorities specifically addressing the propriety of a court's attempts to control the timetable under which the Department of Justice carries out the Death Penalty Protocol. An unreported district court decision recognizes the court erroneously became "involve[d], at the government's invitation, in setting deadlines for the submission of mitigation packages." United States v. Jackson, No. 04CR. 801(PKC), No. 2006 WL 59559, at *2 (S.D.N.Y. Jan. 9, 2006) (unpublished). Judge Castel reasoned the "Attorney General's capital case review procedure . . . is not part of the judicial function" and "is a process for the Attorney General to administer as he sees fit." Ibid.

In short, the court has no authority to direct or control the prosecution's schedule for carrying out its internal policies. As long as the November 2007 trial date stands, the United States will proceed with the April 6 deadline for written mitigation submissions to the U.S. Attorney.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Peter Ko

LAURA E. DUFFY
PETER KO
STEPHEN M. TOKARZ
Assistant U.S. Attorneys
Attorneys for United States of America
Email: peter.ko2@usdoj.gov

DATED: March 16, 2007

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 06CR2646-LAB |
| | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| | ) | |
| FRANCISCO JAVIER ARELLANO-FELIX (1), | ) | |
| MANUEL ARTURO VILLARREAL-HEREDIA (2), | ) | |
| | ) | |
| Defendants | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Peter Ko, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the attached Response on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. David Bartick, Mark Adams, Larry Hammond, Diane Meyers (counsel for Arellano);

2. Paul Blake, Lee Plummer (counsel for Villarreal).

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

1. John R. Grele, California Appellate Project, 703 Market Street, Suite 550, San Francisco, CA 94103 (counsel for Villarreal)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 16, 2007.

s/Peter Ko

PETER KO

06CR2646-LAB