

FILED
AUG 2 8 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br>vs.<br><br>FRANCISCO JAVIER ARELLANO-FELIX,<br><br>                                    Defendant. | CASE NO. 06CR2646-LAB<br><br>ORDER DENYING EX PARTE APPLICATION FOR CONSULTANT RE: POLLING FOR CHALLENGE TO COMPOSITION OF GRAND AND PETITION JURY POOLS |

On August 14, 2007, Defendant Arellano-Felix submitted an ex parte application seeking the appointment of a consultant to conduct research and analysis necessary to challenge the composition of the grand and petit jury pools. The proposed consultant would compare aggregate numbers of persons on the jury wheel with 2000 census data and census bureau estimates to determine whether any groups are underrepresented.

Payment for services other than legal counsel for defendants unable to afford it is governed by 18 U.S.C. § 3006A(e). The Court's inquiry into the necessity of these services must be specific to the facts of the case. *United States v. Chase*, ___ F.3d ___, slip op. at *7 (Aug. 27, 2007) (citing *United States v. Armstrong*, 621 F.2d 951, 956 (9th Cir. 1980)). The Court considers whether these services constitute part of the basic tools of an adequate defense, and whether a reasonable attorney would have engaged such services for a client

having the financial means to pay for them. *Id.* at *8 (citations omitted).

In determining whether a jury is drawn from a fair cross-section of the community, the Court "need not and may not take into account" persons who are ineligible for jury service, but rather must rely on evidence which most accurately reflects the judicial district's "actual percentage of jury-eligible" persons. *United States v. Torres-Hernandez*, 447 F.3d 699, 701–02 (9th Cir. 2006). To be "jury-eligible," an individual must be a United States citizen, be at least eighteen years old, have resided for at least one year within the judicial district, be able to speak English, and be able to read, write, and understand the English language with a degree of proficiency sufficient to fill out satisfactorily the juror qualification form. *Id.* at 702 n.1 (citing 28 U.S.C. § 1865(b)(1)–(3)). The application does not demonstrate that the 2000 census data and census bureau estimates inform any of these issues, or otherwise demonstrate which groups are jury-eligible.

In addition, the proposed consultation and analysis would duplicate in nature a study of the composition of the grand jury wheel[1] very recently completed in the Southern District of California. The Court's method of choosing grand jurors was approved in *Torres-Hernandez*, 447 F.3d at 706.

The Court concludes appointment of the consultant and payment of consulting expenses are thus neither required nor necessary. The application is **DENIED**.

**IT IS SO ORDERED.**

DATED: 8-28-07

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] The Southern District of California uses one jury wheel from which both grand and petit jurors are drawn.