UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

FRANCISCO JAVIER ARELLANO-FELIX,

Defendant.

Case No.: 06-cr-2646-RSH

**ORDER DENYING LETTER REQUEST**

[ECF No. 549]

The Clerk's Office has received a letter from defendant Francisco Javier Arellano Felix, dated August 17, 2026, sent via FedEx from Defendant's immigration counsel who has not appeared in this criminal case. ECF No. 549. Defendant's letter alleges that the government made certain promises to Defendant, in connection with this criminal case, that the government is declining to fulfill. *Id.* at 1. The alleged promises relate to Defendant's immigration status and security measures for the protection of Defendant and his family. *Id.* Defendant's letter requests an order from the Court directing the government to comply with these alleged promises. *Id.*

On August 31, 2026, the Court accepted Defendant's letter for filing under seal, and construing the letter as a motion, directed the government to respond by September 14, 2026. ECF No. 548.

On September 14, 2026, the government submitted a response, which the Court accepted for filing under seal. ECF No. 553. The government subsequently filed a supplemental response on September 22, 2026, which the Court also accepted for filing under seal. ECF No. 556. The government's supplemental filing did not contain additional argument, but provided further factual information about other proceedings involving Defendant, and further factual detail about the manner in which the government had served Defendant with the government's briefing. *See id.*

Defendant's motion attaches two declarations as evidence of promises allegedly made by the government to Defendant. The first declaration, by a former prosecutor, does not mention any such promises. ECF No. 549 at 10. The second declaration, by a retired law enforcement agent, refers to certain "assur[ances]" of safety for defendant and his family, made by "agents and attorneys for the United States" during Defendant's "decision process leading to" his reaching an agreement with the government. *Id.* at 12. The declaration does not provide further explanation of the content or circumstances of such assurances. *Id.* at 11–13.

The government denies that such promises were made. ECF No. 553 at 4. The government also submits the text of Defendant's applicable agreement with the government, which does not contain such promises, and which recites that it reflects the entire agreement between the Parties. *Id.* at 10–14; 25–27.

"Plea agreements … are essentially contracts that [courts] interpret according to contract principles." *United States v. Lo*, 839 F.3d 777, 783 (9th Cir. 2016). Courts have "eschewed the invitation to consider parol evidence for the purpose of adding terms to or changing the terms of an integrated plea agreement." *United States v. Pacheco-Osuna*, 23 F.3d 269, 271 (9th Cir. 1994). This is because "the terms of a clear and unambiguous

written contract cannot be changed by parol evidence." *United States v. Ajugwo*, 82 F.3d 925, 928 (9th Cir. 1996) (international quotations omitted). Such terms will be enforced by the Court when they are "unambiguous, fully integrated, and expressly disclaim[] the existence of other promises." *United States v. Jackson*, 21 F.4th 1205, 1214 (9th Cir. 2022).

Based on the record presented, the Court finds no basis to read the alleged promises into Defendant's unambiguous and integrated plea agreement with the government. The Court **DENIES** Defendant's request.

**IT IS SO ORDERED.**

Dated: September 25, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge